1:13-mj-00010-LCL

RECEIVED
AUG - 2 2013
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

I, Scott H. Helton, United States Postal Inspector, do hereby swear and affirm the following facts as being true to the best of my knowledge, information, and belief:

1. I am a Postal Inspector employed by the United States Postal Inspection Service (Inspection Service) assigned to the Seattle Division. The Seattle Division has responsibility for Inspection Service investigations in Alaska, Washington, Montana, Idaho, and Oregon. I have been employed by the Inspection Service for ten years. I am currently assigned to the Portland, Oregon Domicile. As part of my duties, I investigate the illegal mailing of prohibited substances, including controlled substances and proceeds from the sale of controlled substances. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal offenses. My training and experience includes a Bachelor of Science degree in Sociology and Criminology certificate from the University of Utah, a Doctorate of Jurisprudence degree from Willamette University of College of Law, and 12 weeks of basic Postal Inspector training. I am currently a member in good standing of the Oregon State Bar. As a U.S. Postal Inspector, I am authorized to investigate crimes involving offenses relating to the United States Postal

Service (U.S.P.S.). During the course of my employment with the Inspection Service, I have conducted or participated in criminal investigations involving homicide, robbery, assault, burglary, mail theft, identity theft, credit card fraud, bank fraud, wire fraud, mail fraud, the unlawful mailing of dangerous controlled substances, the fraudulent use of stolen or forged Postal Money Orders, and the fraudulent use of stolen credit card information to purchase merchandise, and the shipping of that merchandise through the U.S. Mail. I have applied for and received more than 50 search warrants in the investigation of offenses relating to the U.S.P.S. I have participated in executing more than 70 federal and state search warrants. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, as well as proceeds of the sale of controlled substances, in violation of Title 18, United States Code, Sections 1716 and 1952(a)(1) and Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

2. Based on my experience, training and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances include, but are not limited to the following:

a. It is a common practice for the shippers of controlled substances and proceeds of the sale of controlled substances to use Express Mail because the drugs arrive faster and on a predictable date, and this system allows shippers to keep track of the shipment. With regards to Express Mail parcels, shippers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling a toll free number.

b. These parcels in many instances contain a fictitious return address, incomplete return address, no return address, the return address is same as the addressee address, or the return address does not match the place where the parcel was mailed from. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c. In order to conceal the distinctive smell of controlled substances from narcotic detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer

sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped.

d. When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the shipper. Based on experience and discussions, there are known source states, where controlled substances are mailed from, including California, Oregon, Washington, Arizona and Texas.

e. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, and MDMA.

3. In this warrant application, I seek this Court's authority to open and search the contents of U.S.P.S express parcel number EI 935 472 019 US. The parcel was mailed on July 31, 2013 from Portland, Oregon 97217, and weighs 4 lbs. 5 oz. The signature upon receipt requirement has been waived by the sender of the parcel. The parcel is addressed to "Zane Lurther, 11457 Joann Way, Auke Bay AK 99821" and has the return address of "Ross Peabody, 37420 SE Lillian Ln., Eagle Creek OR 97022." I seek the Court's authority to search the parcel for controlled substances in violation of Title 21 U.S.C. Sections 841(a)(1) and 843(b) and Title 18 U.S.C. Section 1716.

**Relevant Facts Pertaining to U.S.P.S express parcel number EI 935 472 019 US**

4. On August 1, 2013, I was reviewing parcels that were inbound for delivery in Juneau, Alaska that were mailed from outside of Alaska. I initially noticed U.S.P.S express parcel number EI 935 472 019 US because it was mailed from Oregon and the name on the return address "Ross Peabody" differed from the signature name waiving signature upon receipt by the recipient, and appeared to signed "Velda A Green." The signature is in blue ink, and the label is in black ink. The handwriting on the label address and the signature differ significantly.

5. When I examined the parcel more closely, I saw that U.S.P.S express parcel number EI 935 472 019 US met several characteristics that drug traffickers use to prevent the detection of drugs being shipped through the mail. For this parcel, these characteristics included, but are not limited to:

   a. Name for sender and return address don't match. Per Accurint, a law enforcement search database, there is no record for a "Ross Peabody" or anyone with the last name "Peabody" at the address "37420 SE Lillian Ln., Eagle Creek OR 97022." I searched for the name "Ross Peabody" and learned it was not a legitimate name for anyone in Oregon. The data provided by Accurint is a combination of records from different data sources which are updated daily, weekly, monthly, and annually, depending on the particular data source. Furthermore, I learned that the address "37420 SE Lillian Ln., Eagle Creek OR 97022" does not exist; there is no residence or business located at that street location.

b. The name for receiver and delivery address do not match. Per Accurint, a law enforcement search database, there is a no record for a "Zane Lurthur" or anyone with the last name "Lurther" at the address "11457 Loann Way, Auke Bay, AK, 99821." The data provided by Accurint is a combination of records from different data sources which are updated daily, weekly, monthly, and annually, depending on the particular data source.

c. A review of the persons receiving mail at 11457 Loann Way, Auke Bay, AK, 99821, revealed that mail is delivered to "Claudia Bain" at that address. I also learned that the Claudia Bain also receives mail at P.O. Box 210275, Auke Bay, AK 99821. Through a review of Postal records I learned that the P.O. Box holder for 21027 was a "Dick Luther."

d. I searched for the name "Luther" in Accurint and learned that Kenneth Zane Luther was associated with the address 11457 Loann Way, Auke Bay, AK, 99821. A criminal records search revealed that Kenneth Zane Luther has criminal history involving possession and distribution of controlled substances in Oregon and California. I learned Kenneth Zane Luther was convicted of distribution and possession of a controlled substance, a felony, in California in 2004. I learned Kenneth Zane Luther was convicted of the unlawful manufacture and distribution of a controlled substance, a felony, in Oregon in 2009.

    e.    The parcel was sent from Oregon a known source state by an unknown person from a fictitious address, to an individual with felony convictions for the possession and distribution of controlled substances.

    f.    The corners, seams and all edges of the U.S.P.S express parcel number EI 935 472 019 US are covered and sealed with packing tape.

6. Currently there are no controlled substance detection trained dogs available in Juneau, AK.

7. This affidavit has been read and approved by Assistant United States Attorney Jack Schmidt, as containing probable cause to justify the requested search warrant. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes there is probable cause to believe that the subject package contains controlled substances, and/or other evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716.

FURTHER AFFIANT SAYETH NAUGHT.

**Signature Redacted**

Scott H. Helton
Postal Inspector

Subscribed and sworn to
before me, this 2nd day of
August 2013.

**Signature Redacted**

U.S. MAGISTRATE JUDGE